**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                    Case No.: 4:07-CR-035-SPM

JEREMIAH SAILOR,

     Defendant.

_____/

## <u>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS</u>

THIS CAUSE comes for consideration upon Defendant Jeremiah Sailor's Motion to Suppress (doc. 40), filed on July 9, 2007.  On May 2, 2007, Sailor's apartment was searched in accordance with a search warrant issued earlier that day by Magistrate Judge William Sherrill, Jr.  The Defendant claims that affidavit supporting the search warrant failed to establish probable cause because the affiant knowingly and recklessly provided false information and deliberately omitted material information from the affidavit.  Additionally, the Defendant argues that the informant's information was not sufficiently corroborated by the drug transaction orchestrated by the police officers.

On July 16, 2007, the Court held a hearing on the motion.  At the hearing, the affiant and another officer that monitored the alleged transaction testified about the events that were documented in the affidavit.  Having considered the motions, the arguments of counsel, the testimony of witnesses and the relevant law on the issues presented, the Court denies the motions for reasons set forth below.

**FACTS**

On May 2, 2007, Tallahassee law enforcement officers searched Apartment F-19 of Casa Cortez pursuant to a search warrant obtained earlier that day.  Prior to the search, Drug Enforcement Administration (DEA) Agent James Harley, who has been employed with the DEA for approximately six years, verified that Defendant Jeremiah Sailor resided at the apartment.  The search of the premises revealed the following: (1) a bullet proof vest; (2) large quantities of cocaine; (3) two firearms and ammunition; (4) scales; (5) leger sheets; and (6) large quantities of United States currency.

At the suppression hearing, Drug Enforcement Agent James Harley testified that he used a confidential informant to conduct a purchase of drugs from Defendant Sailor, at apartment F-19, a residence rented by Defendant Sailor.  When the confidential informant arrived at the apartment complex, Agent Harley searched him, the man who was driving him, and the car that they were driving.  The confidential informant was equipped with a recording device to wear during the transaction.  Agent Harley listened to the conversation that took place between the confidential informant and Defendant Sailor.  However, Agent Harley did not take notes during the transaction, nor did he recite the substance of the conversation in the affidavit.  Additionally, the recording device was not working properly, so there was no recording of the transaction.  At the conclusion of this transaction, Agent Harley typed up an affidavit and submitted it to Magistrate Judge William Sherrill in support of the search warrant for the apartment of Defendant Sailor.

There are several facts that Agent Harley testified to during the suppression hearing, but he omitted from his affidavit.  One fact is that there was a third party

2

present in the apartment with the confidential informant and Defendant Sailor.  Another

is that there was a woman's voice head during the transaction.  Additionally, during the

transaction, the confidential informant made no reference to the identity of Defendant

Sailor.  Lastly, the affidavit failed to mention that law enforcement officers lost sight of

the confidential informant for a few minutes from the time he exited the car and walked

toward the building until he exited from apartment F-19.  During this time, Agent Harley

testified that the officers were relying on the audio equipment alone.  Although Agent

Harley had never worked with this informant before, he testified that the monitoring of

the transaction through visual and audio surveillance was sufficient to convince him that

this was a "controlled buy".

**ANALYSIS**

Evidence that is seized during the execution of a search warrant will be

suppressed

> (1) where the magistrate . . . was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role; (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; [or] (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient . . . that the executing officers cannot reasonably presume it to be valid.

United States v. Williams, 177 Fed. Appx. 914, 917 (11th Cir.  2006) (unpublished

opinion).  As in Williams, the "primary basis of probable cause" is not the *statements*

made by the confidential informant but the *actions* of the informant that took place in

clear view of the officers monitoring the transaction.  Additionally, the Eleventh Circuit

stated that "the information provided is reliable only to the extent that it can be

3

supplemented or corroborated by investigation." Id. at 919. When applying the "totality

of the circumstances" test articulated in Illinois v. Gates, 462 U.S. 213 (1983) this Court

finds that the observations of the officers supplemented the information given by the

informant and independently served as the primary basis of the probable cause

determination. Therefore, Magistrate Judge William Sherrill had a substantial basis for

concluding that probable cause existed.

Though it would have been helpful for the Magistrate Judge to have known that

there was a third party present during the transaction described in the affidavit, the

omission of this information does not render the affidavit lacking in probable cause.

Additionally, the omission of a positive identification of Defendant Sailor does not cast

doubt on probable cause that cocaine would be found in Defendant Sailor's residence.

The search warrant was issued for the location where the informant said he purchased

the drugs.  The warrant was not for the arrest or seizure of Defendant Sailor.  The

warrant stated that there was probable cause that cocaine would be found in that

location.  Therefore, the presence of additional people in the residence is immaterial to

the question of whether drugs would be found in that apartment.  While these factual

omissions could have affected the finding of probable cause, they were not made

intentionally or recklessly and thus do not invalidate the probable cause found in the

affidavit.

The search of the informant before and after his contact with Defendant Sailor,

combined with the audio monitoring of the transaction was sufficient evidence to support

a fair probability that cocaine would be found in the Defendant's residence. The facts

relayed by the informant to Agent Harley were corroborated by the audio surveillance of

4

the transaction.  It was also corroborated by the fact that the informant returned to Agent Harley with cocaine and without the money that had been given to him to make the purchase.  Agent Harley's, Officer Smith's and the informant's description of the transaction all provided a substantial basis for concluding that probable cause existed. The Magistrate Judge's official belief in the existence of probable cause that drugs would be found in that location is entirely reasonable.

To prevail on their <u>Franks</u> challenge[1] Defendant must show two things: first that misstatements or omission in the probable cause affidavit were intentional or reckless; and second that they were material to a proper determination of probable cause.  <u>See United States v. Burston</u>, 159 F.3d 1328, 1333 (11th Cir. 1998).  To meet his initial burden, Defendant must show that Agent Harley deliberately made false statements in the affidavit or that Agent Harley made misstatements with a reckless disregard for the truth.  Defendant argues that he has met this burden because Agent Harley mislead the Magistrate Judge by implying that the officers maintained visual surveillance during the alleged transaction, by indicated that the transaction had been recorded by the affiant, and because Agent Harley omitted from the affidavit the substance of the conversation between Defendant Sailor and the informant during the alleged transaction.

Though this additional information may have been helpful to the Magistrate Judge, it does not demonstrate an intention to mislead.  Specifically, when he drafted the affidavit, Agent Harley didn't know that the audio recorder had not worked at the time of the surveillance.  He could hear the informant speaking to someone, so he knew

[1] Though the Defendant did not officially cite to <u>Franks v. Delaware</u>, 438 U.S. 154, 156 (U.S. 1978), the substance of their argument is based on that Supreme Court case which states that evidence obtained through a search warrant must be suppressed if the affiant "knowingly and intentionally, or with reckless disregard for the truth" makes a false statement in the affidavit and in the absence of that false statement, probable cause is not established.

that the audio system worked, but he was not aware that the recording function was inoperable until the day after the search warrant was issued and executed. Also, even though the notes taken by Agent Harley during the transaction failed to recite the substance of the conversation between the informant and Sailor, Agent Harley's testimony at the suppression hearing confirmed the conversation and provided a reasonable basis of belief in the likelihood that a drug transaction was taking place in apartment F-19. Agent Harley's omissions of these facts from the affidavit were not intentional or reckless.

The Court is concerned about the period of time during which the informant was not within eyesight of the officers. There are minutes where the informant is visually unaccounted for. During this time, it is possible that the informant could have completed a drug transaction with someone other than the defendant. In fact, Agent Harley testified that a drug sale can take place in mere seconds. However, during that same time, there was audio monitoring and there was no evidence that the informant had contact with anyone prior to entering Defendant's apartment. The searches of the informant before and after the transaction, combined with the audio and visual surveillance were reasonable precautions taken by Agent Harley to ensure that a legitimate controlled buy was made. These precautions support Agent Harley's reasonable belief that the confidential informant made this controlled buy in the residence leased to Defendant Sailor.

In an analogous case, United States v. Harris, 172 Fed. Appx. 950, 961 (11th Cir. 2006), the Officer who drafted the affidavit supporting the search warrant admits that there was *no* audio or visual surveillance, *no* witness to the actual purchase, and two

6

additional people were present in the residence where the transaction took place.  In

that case, the Eleventh Circuit found probable cause to issue the search warrant. The

court stated furthermore that "even if there was not probable cause on the face of the

affidavit, that testimony of the affiant at the suppression hearing was sufficient to

establish a good faith reliance on the warrant." Id. at 962.

### GOOD FAITH EXCEPTION

The affidavit was not so lacking in any indicia of probable cause that no

reasonable official would rely on the warrant.  The affidavit itself was based on

information that Harley believed to be reliable based on his personal observations of the

controlled buy that took place at Defendant Sailor's residence.  Furthermore, the

evidence from the informant demonstrated a reasonable reliance on the search warrant

based on Harley's objective (and first-hand) belief that the informant had purchased

drugs from Sailor's residence during a controlled buy.  Based on the informant's first-

hand account of his purchase of drugs from Sailor's residence within 24 hours of the

search warrant's issuance, it was objectively reasonable for Harley to believe that there

was a "fair probability" of finding contraband in Sailor's residence. See United States v.

Brundidge, 170 F.3d 1350 (11th Cir. 1999), Gates, 462 U.S. at 235.  Consequently, the

affidavit had more than an indicia of probable cause and it was not unreasonable for

Harley to rely on the warrant.

### CONCLUSION

Upon review of the arguments presented by both counsel, evidence presented at

the hearing, and all supporting documentation, Defendant fails to show that Agent

Harley knowingly and intentionally made false and misleading statements with reckless

disregard for the truth and intentionally omitted information from the affidavit.  In light of all the circumstances stated in the affidavit, probable cause existed to issue the search warrant.  All of the precautions that Agent Harley took with the informant as well as the corroborating audio and visual surveillance testified to by Agent Harley's demonstrates a good faith belief that the informant actually made a controlled buy from Defendant Sailor, as stated in his affidavit. The Court agrees with Defendant in that some relevant information was omitted from the affidavit.  However, a practical, commonsense reading of the affidavit and the totality of the circumstances described therein satisfies the Court that probable cause existed to justify issuance of the search warrant for Defendant's apartment.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Suppress (doc. 40) is hereby *denied*.

**DONE AND ORDERED** this <u>twenty-third</u>  day of July, 2007.

<u> s/ Stephan P. Mickle </u>
Stephan P. Mickle
United States District Judge