IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:   4:07cr35/MCR
                                                    4:11cv96/MCR/CAS

JEREMIAH TYRONE SAILOR

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255 (doc. 178).  The Government has filed a

response (doc. 183) and Defendant filed a pleading indicating that he would not be filing

a reply (doc. 187).  The case was referred to the undersigned for the issuance of all

preliminary orders and any recommendations to the district court regarding dispositive

matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P.

72(b).  After a careful review of the record and the arguments presented, it is the

opinion of the undersigned that Defendant has not raised any issue requiring an

evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing

Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant was charged in a five count indictment with: conspiracy to distribute

and possess with intent to distribute cocaine and cocaine base ("Count One");

distribution of cocaine ("Count Two"); possession with intent to distribute cocaine and

crack cocaine ("Count Three"); possession of a firearm in furtherance of the drug-trafficking crimes charged in Counts One and Three ("Count Four"); and possession of a firearm by a convicted felon ("Count Five") (doc. 10). Jessie Chambers was also indicted on Counts One and Two. Defendant retained attorney R. Timothy Jansen to represent him (docs. 14, 15).

Co-defendant Chambers entered a plea of guilty on July 11, 2007 (*see* docs. 47–48, 50), and Defendant proceeded to trial (doc. 58). On July 19, 2007 the jury returned a verdict of guilty on Counts One, Three and Five, and a verdict of not guilty on Counts Two and Four (doc. 67–69, 76). It specifically found that the offense conduct in Count One involved less than five-hundred (500) grams of cocaine and less than five (5) grams of cocaine base, and that the conduct charged in Count Three involved five hundred (500) grams or more of cocaine and five (5) grams or more of cocaine base (doc. 67).

The Presentence Investigation Report ("PSR") reflected that Defendant had a total offense level of 40, and a criminal history category of VI due to his career offender status for a guidelines imprisonment range of 360 months to life (PSR ¶¶ 37, 53, 74).

On July 21, 2008, the court sentenced Defendant to a term of 360 months on each count, to run concurrently (docs. 133, 144). The court also denied Defendant's motion for a new trial after hearing argument (docs. 102, 132).

Defendant appealed, challenging the search warrant, the sufficiency of the evidence at trial and the substantive reasonableness of his sentence (*see* doc. 176). The Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence on

December 8, 2009 (doc. 176; <u>United States v. Sailor</u>, 355 F. App'x 359 (11th Cir.

2009)). Defendant did not file a petition for certiorari, and the instant motion was timely

filed, through counsel on March 7, 2011.

Defendant raises a single ground for relief. He asserts that counsel was

constitutionally ineffective in failing to advise Defendant of the possibility of receiving a

reduction in his sentence pursuant to either U.S.S.G. § 5K1.1 or Rule 35 of the Federal

Rules of Criminal Procedure. The Government opposes the motion.

## STATEMENT OF FACTS[1]

The conduct giving rise to this case began in April of 2007 when a confidential

informant made controlled buys of cocaine from co-defendant Chambers (PSR ¶¶

11–12). Chambers immediately agreed to cooperate and named Defendant as his

supplier. Two days after his arrest Chambers made a controlled purchase of powder

and crack cocaine from Defendant at Defendant's apartment (PSR ¶ 14). Chambers

told law enforcement that he observed a large quantity of cocaine at the time (*id.*). Law

enforcement obtained and executed a search warrant the same day and seized powder

and crack cocaine, indices of crack cocaine manufacturing, two 9mm handguns and

over $10,000 in cash from the apartment (*id.*). Defendant was arrested on the day of

the search in his vehicle. At the time of his arrest he had on his person $2764.00 in

cash, which included $900.00 of the pre-recorded "buy money" from his transaction with

Chambers, as well as the keys to his apartment and the key to the locked master

---

[1]The facts underlying this case are taken primarily from the PSR. Only those facts
relevant to the instant § 2255 motion have been included.

bedroom where law enforcement had recovered two kilograms of powder cocaine and one of the 9mm handguns (PSR ¶ 15).

Several cooperating witnesses including co-defendant Chambers, Nathaniel Franklin, Corpus Butler and Jason Shoates testified against Defendant at trial (PSR ¶¶16–22). Only Chambers and Franklin had direct dealings with Defendant, but each witness testified about his respective plea agreements and/or cooperating with the Government (*see*, *e.g.*, doc. 163 at 199–207; doc. 165 at 84–86, 88–90, 93; 133–137; 398–401, 404–405). Defendant testified that he was not guilty, that the drugs and guns found at the residence were not his, and that the other witnesses were lying against him to try to get out of their time (doc. 165 at 238, 240, 241, 262). He maintained his innocence at sentencing (doc. 167 at 94).

**LEGAL ANALYSIS**

<u>General Standard of Review</u>

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); <u>McKay v. United States</u>, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct

appeal and would, if condoned, result in a complete miscarriage of justice.'" <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

      The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  <u>Rozier v. United States</u>, 701 F.3d 681, 684 (11th Cir. 2012); <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994); <u>United States v. Rowan</u>, 663 F.2d 1034, 1035 (11th Cir. 1981).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  <u>Nyhuis</u>, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  <u>Sanders v. United States</u>, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

      Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  <u>Lynn</u>, 365 F.3d at 1234–35; <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998);  <u>McKay v. United States</u>, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct

appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v.

United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  In applying Strickland, the court

may dispose of an ineffective assistance claim if a defendant fails to carry his burden on

either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d

1316, 1326 (11th Cir. 2013).

　　　In determining whether counsel's conduct was deficient, this court must, with

much deference, consider "whether counsel's assistance was reasonable considering

all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Secretary for

Dept. of Corrections, 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to

review counsel's performance in a highly deferential manner and "must indulge a strong

presumption that counsel's conduct fell within the wide range of reasonable professional

assistance."  Hammond v. Hall, 585 F.3d 1289, 1324 (11th Cir. 2009) (quoting

Strickland, 466 U.S. at 689); Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir.

2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that

petitioner was "not entitled to error-free representation")).  Counsel's performance must

be evaluated with a high degree of deference and without the distorting effects of

hindsight.  Strickland, 466 U.S. at 689.  To show counsel's performance was

unreasonable, a defendant must establish that "no competent counsel would have taken

the action that his counsel did take."  Gordon v. United States, 518 F.3d 1291, 1301

(11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.  When examining the

performance of an experienced trial counsel, the presumption that counsel's conduct

was reasonable is even stronger, because "[e]xperience is due some respect."

Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  Strickland, 466 U.S. at 694.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Secretary, Florida Dep't of Corrections, 611 F.3d 740, 754 (11th Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  Glover v. United States, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test.  See Boyd v. Comm'r, Ala. Dep't of Corrections, 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993));

Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d

1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing

Blackledge v. Allison, 431 U.S. 63, 74 (1977)); United States v. Ross, 147 F. App'x 936,

939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and

presumptions set forth above, "the cases in which habeas petitioners can properly

prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the

test is not what the best lawyers would have done or even what most good lawyers

would have done, but rather whether some reasonable lawyer could have acted in the

circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v.

Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to

have been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent attorney would

have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d

1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether

counsel was inadequate, but rather whether counsel's performance was so manifestly

ineffective that "defeat was snatched from the hands of probable victory." United States

v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing

"unless the motion and files and records conclusively show that the prisoner is entitled

to no relief," a defendant must support his allegations with at least a proffer of some

credible supporting evidence. See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th

Cir. 2006) (citing <u>Drew v. Dept. of Corrections</u>, 297 F.3d 1278, 1293 (11th Cir. 2002)

(referring to "our clear precedent establishing that such allegations are not enough to

warrant an evidentiary hearing in the absence of any specific factual proffer or

evidentiary support"); <u>Hill v. Moore,</u> 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled

to an evidentiary hearing on this matter [an ineffective assistance of counsel claim],

petitioner must proffer evidence that, if true, would entitle him to relief.")); <u>Ferguson v.</u>

<u>United States</u>, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on

frivolous claims, conclusory allegations unsupported by specifics, or contentions that

are wholly unsupported by the record.  <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1237 (11th

Cir. 2004); <u>Tejada</u>, 941 F.2d at 1559; <u>Holmes v. United States</u>, 876 F.2d 1545, 1553

(11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more

than conclusory allegations do not warrant a hearing.  <u>Lynn</u>, 365 F.3d at 1239.

<u>Counsel's failure to advise Defendant about benefits of cooperation</u>

Defendant states in his § 2255 motion that it was not until after he was sentenced

that he met others who had received lesser sentences for similar offenses and he thus

learned that if he cooperated with the Government he would have received a

substantially lower sentence (doc. 178 at 5).  As his lone ground for relief, Defendant

claims that counsel was constitutionally ineffective because counsel failed to advise him

of the potential sentence-reducing benefits of 5K1.1 and Rule 35 motions (doc. 178 at

5).  Defendant asserts that had counsel so advised him, Defendant would have

instructed counsel to inform the Government that he was interested in cooperating in

hopes of obtaining a sentence reduction.[2]  Defendant's assertions are utterly lacking in credible record support.

The Government has submitted the affidavit of defense counsel who states that Defendant's claim that he was not advised of the possibility of cooperation is "false and self-serving" (doc. 183-1).  Counsel explains that, "[a]s a standard practice with every federal client, [he] discussed the benefits of cooperating with the government" and that he advised Defendant on numerous occasions of the benefits of cooperating and working with the Government (*id.*).  Counsel notes that Defendant not only insisted upon proceeding to trial, but also demanded to be allowed to testify.  As a result, counsel notified the court of Defendant's wishes along with "certain ethical issues" and was therefore allowed to use a narrative form of questioning during Defendant's testimony (*id.*; *see* doc. 165 at 235–240).  Defendant has not attempted to rebut Mr. Jansen's affidavit (*see* doc. 187).

Furthermore, Defendant's assertion that he did not learn of the possibility of a sentence reduction if he cooperated until after trial and sentencing is contradicted by the testimony at trial.  As noted above, multiple witnesses testified that they were hoping to receive reductions in their sentences as a result of their cooperation with the Government (*see* doc. 163 at 199–207; doc. 165 at 84–86, 88–90, 93; 133–137;

---

[2]In his motion, Defendant cites the quantity of drugs for which he was held accountable and states that an individual "involved in such quantities would certainly know a lot about the world of drugs and who is doing what, when and where" (doc. 178-1 at 5). He also claims to have information concerning a murder (*id.*). Defendant noted that he declined to include information about the actual extent of his knowledge in his motion "since doing so would deprive him of any bargaining power not to mention put is [sic] life at risk" (*id.* at 6).

398–401, 404–405); doc. 167 at 12–14, 17; 24–25).  Even more damning is Defendant's own testimony in which he insisted that the witnesses who testified against him were lying in order to get their sentences reduced, as well as his own statement that inmates will try to find out information "so that they can testify in a person's case" because they will do anything to get out (*see* doc. 165 at 237, 238–39, 241, 262).

Finally, in light of Defendant's protestations of innocence, which were found by the jury and the court to have been false, there is no guarantee that the Government would have been interested in his cooperation.

In sum, Defendant has proffered no credible supporting evidence that would require a hearing in this case.  *See* Chandler, 471 F.3d at 1363; Peoples v. Campbell, 377 F.3d at 1237.  Defendant has not shown that counsel's performance was constitutionally deficient, and his motion should be denied.

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (doc. 178) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 10th day of September, 2013.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**