IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:   4:07cr35/MCR/GRJ
               4:16cv319/MCR/GRJ

JEREMIAH SAILOR,

   Petitioner.

_____/

## REPORT AND RECOMMENDATION

Petitioner Jeremiah Sailor has filed a Motion to Correct Sentence Under 28 U.S.C. § 2255 contending that he is entitled to sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  (ECF No. 210.) The Government filed a response in opposition, and Petitioner filed a reply. (ECF Nos. 213, 217.)  After a careful review of the record and the arguments presented, the undersigned recommends that Petitioner's motion should be denied.

## BACKGROUND

Petitioner was convicted after a jury trial of conspiracy to distribute crack cocaine (Count I), possession with intent to distribute more than 500

grams of cocaine and more than five grams of crack cocaine (Count III), and possessing a firearm by a convicted felon (Count V). (ECF Nos. 10, 67.) The jury found Petitioner not guilty on Counts II and IV of the indictment. (ECF Nos. 10, 67.) Petitioner's Presentence Investigation Report ("PSR") reflected prior convictions for aggravated battery with a deadly weapon, robbery, sale of cocaine within 1,000 feet of a church, and possession with intent to sell cocaine. (ECF No. 208, PSR ¶¶ 43, 47, 51.) He was classified as an Armed Career Criminal based on the aggravated battery with a deadly weapon, robbery, and sale of cocaine within 1,000 feet of a church convictions. (ECF No. 208, PSR ¶ 38.)

Due to the ACCA classification, Petitioner was subject to an enhanced statutory term of fifteen years to life imprisonment under 18 U.S.C. § 924(e) on Count V. (ECF No. 208, PSR ¶ 38.) Petitioner would have been subject to the United States Sentencing Guidelines (the "Guidelines") enhancement in U.S.S.G. § 4B1.4 resulting in an offense level of 34, but because this offense level was not otherwise greater than the applicable offense level calculated under Chapter 2, that chapter was used to arrive at a total offense level of 40. (ECF No. 208, PSR ¶ 38.)

Petitioner had ten criminal history points, which would have yielded a criminal history category of V, but for the fact that he qualified as a career offender. Instead, the resulting criminal history category was VI. (ECF No. 208, PSR ¶ 53.) The applicable Guidelines range was 360 months to life imprisonment. (ECF No. 208, PSR ¶ 74.)

Petitioner filed numerous written objections to the PSR in which he objected to being sentenced pursuant to the ACCA. (ECF No. 208-1, PSR ¶¶ 94–113.) After overruling all of his objections, the court sentenced Petitioner to a term of 360 months imprisonment on each count, to run concurrently. (ECF No. 144.) The Eleventh Circuit affirmed on January 6, 2010. (ECF No. 176.) Petitioner filed a § 2255 motion, which was denied on October 16, 2013. (ECF No. 192.)

The Eleventh Circuit granted Petitioner's application for leave to file a second or successive § 2255 motion, finding that he had met the statutory criteria of § 2255(h). (ECF No. 209.) Petitioner filed the instant § 2255 motion contending that he is entitled to resentencing without the application of the ACCA enhancement because his robbery conviction cannot be used to support the enhancement. (ECF No. 210.)

Case Nos.: 4:07cr35/MCR/GRJ; 4:16cv319/RH/GRJ

Importantly, even though the Eleventh Circuit certified that petitioner had made a *prima facie* showing, that determination is only a threshold determination. *See, Jordan v. Secretary Dep't of Corrs.,* 485 F.3d 1351, 1357-58 (11th Cir. 2007). This Court is required in the first instance to determine whether Petitioner has met the statutory criteria of § 2255(h), and owes no deference to the findings of the Eleventh Circuit's *prima facie* determination that the requirements have been met. *See, e.g. In re: Moss,* 703 F. 3d 1301, 1303 (11th Cir. 2013)(threshold determination by appellate court is a "limited determination" and district court must decide "fresh" if the requirements of § 2255(h) are met, and, if they are, then consider the merits of the motion.)

## ANALYSIS

Pursuant to the Armed Career Criminal Act ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another

*[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii).  An individual subject to ACCA's enhanced penalties also is subject to a greater Guidelines range pursuant to U.S.S.G. § 4B1.4.  In *Johnson v. United States*, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015).  Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.

Petitioner argues that his 1994 robbery conviction is no longer a violent felony under the residual clause of the ACCA after *Johnson*. In response, the Government argues that it is not clear from the record that Petitioner's sentence was enhanced under the ACCA's residual clause. The Government further argues that if the court cannot determine under which ACCA clause Petitioner's sentence was enhanced, then he cannot meet his burden under § 2255(h)(2), and the instant motion should be dismissed as successive without any analysis of the merits.

Case Nos.: 4:07cr35/MCR/GRJ; 4:16cv319/RH/GRJ

The Government relies primarily on the approach outlined in *In re Moore*, in which a panel of the Eleventh Circuit suggested in dicta that a successive petitioner must prove that the sentencing court relied on the ACCA's residual clause in enhancing his sentence to meet his burden of showing entitlement to relief. 830 F.3d 1268, 1272–73 (11th Cir. 2016).

Petitioner relies upon *In re Chance,* 831 F.3d 1335, 1341–42 (11th Cir. 2016), where another panel suggested a different approach, directly contradicting the approach suggested in *Moore.*

The Eleventh Circuit resolved the issue, however, several weeks ago in *Beeman v. United States*, __ F.3d __, 2017 WL 4210419 (11th Cir. Sept. 22, 2017). In *Beeman,* the Eleventh Circuit held that to succeed on a *Johnson* claim a defendant bears the burden of proving the residual clause "actually adversely affected the sentence he received. *Id.* at *4-8 & n.5. This means that a defendant "must show that—more likely than not—it was the use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id.* at *5. Notably, *Beeman* makes clear the Court's determination is of historical facts made with little, if any,

consideration of whether the convictions remained predicates under subsequent precedent. *Id.*

Petitioner's claim fails under *Beeman* because Petitioner has not provided any affirmative demonstration from the record that his sentence was enhanced under the now-unconstitutional authority of the residual clause. Petitioner cannot do so here because the sentencing court did not specify which clause of the ACCA triggered Petitioner's enhanced sentence.

Petitioner ignores this shortcoming and instead advances an argument that attempts to suggest by speculation and a process of elimination that the residual clause played some role in the sentencing because robbery is not an enumerated offense. Petitioner's circuitous argument fails because it directly contradicts *Beeman* and is based upon the incorrect premise that robbery is not a violent felony under the ACCA's enumerated clause.

The starting point and ending point for the Court's analysis is *Beeman*. Under *Beeman* Petitioner must point to something in the record to demonstrate that it is more likely than not that his sentence was enhanced

Case Nos.: 4:07cr35/MCR/GRJ; 4:16cv319/RH/GRJ

under the residual clause of ACCA. Petitioner has failed to do so here because there is no mention in the sentencing transcript that the sentencing judge counted Plaintiff's robbery conviction as a predicate offense under the residual clause of the ACCA. The government did not argue that the robbery conviction qualified under the residual clause, there was not mention in the PSR that the robbery offense qualified under the residual clause and most importantly, the sentencing court never announced, determined or even mentioned the residual clause of the ACCA with regard to Plaintiff's prior robbery conviction. In the absence of any mention of the residual clause the Petitioner has failed to show that it is was more likely than not that his sentence was enhanced under the residual clause of the ACCA. Consequently, Petitioner has failed to satisfy the threshold showing under § 2255(h)(2) to bring a second or successive petition.

      Secondly, to the extent Petitioner suggests the Court must have relied upon the residual clause because robbery does not qualify as a predicate offense under the elements clause of ACCA, Petitioner ignores

recent Eleventh Circuit precedent confirming that robbery constitutes a violent felony under the elements clause of ACCA.

In *United States v. Seabrooks*, 839 F. 3d 1326 (11th Cir. 2016) the Eleventh Circuit addressed the issue of whether a Florida armed robbery conviction qualifies as a "violent felony" under ACCA's elements clause. In *Seabrooks* Judge Hull thoroughly reviewed the history of Florida's robbery statute, the line of Eleventh Circuit decisions concluding that a conviction for armed robbery under Florida's robbery statute constituted a violent felony, and concluded that a Florida armed robbery conviction counts as a predicate offense under the elements clause of ACCA. Judge Martin, concurred in the judgment but disagreed with Judge Hull's proposition that the elements of a § 812.13 Florida robbery conviction have not changed since the 1970's. Even though there was disagreement on the panel concerning whether the elements of Florida's robbery statute had changed in 1999, the panel unanimously affirmed the defendant's enhanced sentence under the ACCA based upon the Defendant's six 1997 Florida convictions for armed robbery. Notably, all three panel members---including Judge Martin---concluded that the Court was bound by the prior

panel decision in *United States v* Lockley, 632 F. 3d 1238 (11th Cir. 2011). In *Lockley* the Eleventh Circuit held that a Florida robbery conviction under § 812.13(1), even without a firearm, qualifies as a "crime of violence" under the elements clause in the career offender guideline in U.S.S.G. § 4B1.2(a), which has the same elements clause as the ACCA. *Id.* at 1245.

The Eleventh Circuit recently addressed this issue in an unpublished decision in *United States v. Stokeling,* 684 Fed. Appx. 870, 871 (11th Cir. April 6, 2017).₁ In *Stokeling* the panel addressed the issue of whether Fla. Stat. § 812.131 categorically qualifies as a violent felony under the elements clause of the ACCA. The defendant there argued that before 1999, Florida robbery including robbery by sudden snatching, so it did not always require sufficient force to constitute a violent felony. This is the same argument advanced by Petitioner in this case. The *Stokeling* panel rejected this argument relying upon *United States v. Fritts*, 841 F. 3d 937 (11th Cir. 2016) in which the Eleventh Circuit specifically rejected the argument that the sudden-snatching statute changed the elements of

---

1 **Error! Main Document Only.**Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

Case Nos.: 4:07cr35/MCR/GRJ; 4:16cv319/RH/GRJ

Florida robbery. *Id.* at 942-44.  Although Judge Martin expressed disagreement with whether *Fritts* was decided correctly she nonetheless concurred in the judgment recognizing that *Fritts* was still binding precedent in the Eleventh Circuit.

The bottom line is that while there still may be a debate about whether or not there was a change under Florida's robbery statute in 1999, which creates an artificial dividing line pre-2000 in Florida's robbery statute, a Florida robbery conviction, even without a firearm, continues to qualify as a crime of violence under the elements clause of ACCA. As applied to Petitioner's argument in this case, Petitioner's interpretation of Florida's robbery statute, while academically interesting, has nothing to do with satisfying Petitioner's burden of demonstrating that it was more likely than not that the Court relied upon the residual clause of the ACCA in enhancing Petitioner's sentence. Thus, even if an argument could be made that ultimately a Florida robbery conviction does not satisfy the elements clause of the ACCA, Petitioner's claim still fails because he cannot meet the threshold showing required for filing a successive petition of demonstrating that his sentence was enhanced under the residual clause. The opportunity

Case Nos.: 4:07cr35/MCR/GRJ; 4:16cv319/RH/GRJ

to make the arguments now advanced by the Petitioner was on direct appeal of his conviction or at the very least in his first § 225 petition, and not here in a second or successive petition.

## CONCLUSION

Because Petitioner has not and cannot satisfy his burden under *Beeman* of demonstrating that it is more likely than not that his enhanced sentence depended upon the residual clause of the ACCA when it was imposed Petitioner's motion to vacate or correct his sentence should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

Case Nos.: 4:07cr35/MCR/GRJ; 4:16cv319/RH/GRJ

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Petitioner Sailor's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 210, should be **DENIED.**

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 23rd day of October, 2017.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 4:07cr35/MCR/GRJ; 4:16cv319/RH/GRJ

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.