# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                Case No. 4:07cr35-MCR/GRJ
                                        4:16cv319-MCR/GRJ

**JEREMIAH SAILOR,**

    **Defendant.**

_____/

## **ORDER**

This cause comes on for consideration of the Magistrate Judge's Report and Recommendation dated October 23, 2017. ECF No. 218. The parties have been furnished a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). After reviewing the timely objections to the Recommendation, ECF No. 222, the Court has determined that the Report and Recommendation should be adopted.

Eleventh Circuit precedent forecloses relief in this case and provides no basis for granting a certificate of appealability. As discussed by the Magistrate Judge, Defendant failed to offer proof that his sentence was enhanced based on the robbery conviction and the residual clause of the Armed Career Criminal Act for purposes

of filing a successive petition under 28 U.S.C. § 2255(h)(2). *See Beeman v. United States*, 871 F.3d 1215, 1224-25 & n.5 & n.6 (11th Cir. 2017) (stating success on a *Johnson*[1] claim requires proof from the defendant that the residual clause "more likely than not" led to the enhancement of the sentence). Defendant relies on the dissenting opinion in *Beeman* and cases from other circuits, which apply a different standard of proof. *See Geozos v. United States*, 870 F.3d 890, 896 (9th Cir. 2017); *United States v. Winston,* 850 F.3d 1335, 1341 (11th Cir. 2016). In the face of clear Eleventh Circuit precedent, Defendant's argument fails; the Court is bound to apply precedent as established by the Eleventh Circuit and the Supreme Court until a decision is issued "that actually changes the law." *See Gissendaner v. Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) (noting the court is "duty-bound to apply this Court's precedent and to use it and any existing decisions of the Supreme Court").

Also, as Defendant expressly recognizes, the Eleventh Circuit has held that a Florida robbery conviction categorically qualifies as a violent felony. *See United States v. Seabrooks*, 839 F.3d 1326 (11th Cir. 2016) (concluding that armed robbery in Florida is categorically a violent felony under the Armed Career Criminal Act); *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016) (same); *United States v.*

---

[1] *Johnson v. United States*, 135 S. Ct. 2552 (2015).

*Lockley*, 632 F.3d 1238, 1243 (11th Cir. 2011) (holding a generic Florida robbery conviction satisfies the generic elements under the Career Offender Guideline, which uses the same analysis as the Armed Career Criminal Act). Defendant argues that the issue is debatable, as shown by different decisions in other circuits and a pending certiorari petition before the Supreme Court. *See United States v. Stokeling*, 684 F. App'x 870 (11th Cir.), *petition for cert. filed* (U.S. Aug. 4, 2017) (No. 17-554). Again, however, the Court must follow established precedent. Under Eleventh Circuit and Supreme Court precedent, there is no "substantial showing of the denial of a constitutional right" to justify granting a certificate of appealability under 28 U.S.C. § 2253(c)(2).

Accordingly, it is ORDERED:

1. The Magistrate Judge's Report and Recommendation, ECF No. 218, is adopted and incorporated by reference in this Order.

2. Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 210, is **DENIED**.

3. The Clerk is directed to close the civil file.

4. Defendant's request for a certificate of appealability is **DENIED**.

   **DONE AND ORDERED** this 2nd day of January 2018.

   *M. Casey Rodgers*
   **M. CASEY RODGERS**
   **CHIEF UNITED STATES DISTRICT JUDGE**